UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JASON ROMANO,

v.                                  Case No. 8:13-cr-32-VMC-AEP
                                              8:26-cv-835-VMC-AEP

UNITED STATES OF AMERICA.

_____/

## ORDER

Robert Jason Romano, proceeding pro se, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence on March 20, 2026. (Civ. Doc. # 1; Crim. Doc. # 81). The United States of America responded on May 19, 2026. (Civ. Doc. # 6). For the reasons that follow, the Motion is denied.

## I.   Background

Pursuant to a plea agreement, Mr. Romano pled guilty to conspiracy to commit bank robbery. (Crim. Doc. ## 14, 17, 18, 22). In August 2013, the Court sentenced him to sixty months' imprisonment and three years' supervised release. (Crim. Doc. ## 41, 42). He did not appeal.

After his release from prison, Mr. Romano began serving his term of supervised release. On July 15, 2025, probation petitioned for issuance of a warrant based on numerous alleged supervised release violations by Mr. Romano, including

1

multiple "new criminal conduct" violations related to criminal charges in Pinellas County, Florida. (Crim. Doc. ## 67, 68). That same day, the Court issued a warrant for Mr. Romano's arrest on the violations. (Crim. Doc. # 69). Mr. Romano has not appeared in this Court on the supervised release violations, however, because he is currently in state custody for state violations. (Crim. Doc. # 74).

Mr. Romano is dissatisfied that he is serving his state sentence before appearing and being sentenced in this Court for his alleged federal supervised release violations. In the criminal case, Mr. Romano has filed two motions to transport, asking this Court to "enter an order to transport [him] back to [this Court] to appear at a violation of probation hearing, or [Mr. Romano] will be awaiting for information to be filed so that the [federal] detainer/warrant is removed which is preventing him from fully being able to rehabilitate himself through the [Florida] Department [of Corrections]." (Crim. Doc. # 72 at 2); see also (Crim. Doc. # 77).

The Court denied both motions to transport, explaining:

> In the Motion, Mr. Romano requests transport from state custody to federal custody to resolve an alleged violation of federal supervised release. However, due to his violation of state supervised release, Mr. Romano has been ordered to serve the remainder of his state sentence [] and he is currently in the custody of the Florida Department

of Corrections. At this time, resolution of Mr. Romano's federal supervised release violation is not required until Mr. Romano completes his state sentence.

(Crim. Doc. # 79); see also (Crim. Doc. # 75).

Then, on March 20, 2026, Mr. Romano filed the instant Section 2255 Motion in which he repeats his request from the motions to transport. (Civ. Doc. # 1). In the Section 2255 Motion, Mr. Romano "ask[s] the Honorable Court to please allow [him] to come back to federal court in Tampa to ask that this most Honorable Court grant [him] the privilege to take 10-months ran concurrent with [his] state violation. Both sentences were in the beginning run together and [he] wait[s] to put this behind [him]." (Id. at 9). Mr. Romano notes that he was "booked in July of 2025 as a federal inmate at Pinellas [County] Jail but was shipped back to state prison before [he] could go to [his] federal violation of probation court hearing." (Id. at 7).

The United States has responded (Civ. Doc. # 6), arguing the Motion is not cognizable under Section 2255. The Motion is ripe for review.

## II.  **Discussion**

The Court agrees with the United States that Mr. Romano's claim is not cognizable in a Section 2255 Motion.

3

Section 2255 permits a federal prisoner to move the sentencing court to vacate, set aside, or correct a sentence only on specific grounds: "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014). "Generally, unless the claimed error in a § 2255 proceeding involves a lack of jurisdiction or a constitutional violation, relief is limited." Blanks v. United States, No. 7:16-cr-00268-LSC-TMP-1, 2019 WL 1559214, at *2 (N.D. Ala. Apr. 10, 2019) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). "An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where 'the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting Addonizio, 442 U.S. at 185). "A non-constitutional error that results in a miscarriage of justice 'should present exceptional circumstances where the need for the remedy afforded by the

4

writ of habeas corpus is apparent.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In short, relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Here, Mr. Romano is not attempting to challenge his sentence for conspiracy to commit bank robbery, which was imposed in 2013. Rather, Mr. Romano complains that he has not yet appeared in federal court to resolve (and, if found guilty, be sentenced for) the alleged supervised release violations because he is first serving his state sentence. (Civ. Doc. # 1 at 4); see also (Id. at 10) (asking the Court to sentence him "to 10-months for my V.O.P. concurrently and to please grant a motion to transport to have [him] brought back to deal with this"). As the United States concisely puts it, Mr. Romano "does not claim that his sentence was imposed in violation of the Constitution or federal law or without jurisdiction, or that it exceeds the maximum authorized by law." (Civ. Doc. # 6 at 5). Nor has Mr. Romano shown that any error in his sentence exists, let alone a fundamental defect

5

which inherently results in a complete miscarriage of justice.

"[A]t bottom, [Mr. Romano] is not 'claiming the right to be released' from federal custody." (Id. at 6). Thus, Mr. Romano is not asserting a cognizable claim under Section 2255. The Motion is denied as not cognizable.

## III. Evidentiary Hearing

As the Court readily determined that Mr. Romano's Motion is not cognizable, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Romano has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court

6

authorize Mr. Romano to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Romano shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Robert Jason Romano's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 81) is **DENIED.**

(2)   The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7